**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 06 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRENDA DAVIS and DAVID ROY, | No. 10-17890 |
| Plaintiffs - Appellants, | D.C. No. 4:08-cv-04481-SBA |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted May 16, 2012
San Francisco, California

Before: REINHARDT, CLIFTON, and N.R. SMITH, Circuit Judges.

Plaintiffs Brenda Davis and David Roy, individuals formerly employed as

social workers on a contract basis at the Pelican Bay facility of the California

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Department of Corrections and Rehabilitation ("CDCR"), appeal from the district court's grant of summary judgment on their claims of retaliation against CDCR. Davis also appeals the district court's grant of summary judgment against her on her claims of employment discrimination on the basis of gender by the CDCR, and former supervisors David Mandel and Timothy McCarthy, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and on her similar cause of action under 42 U.S.C. § 1983 for violations of the Equal Protection Clause. She also appeals the grant of summary judgment for the defendants on her claims of sexual harassment under Title VII, Equal Protection and the California Fair Employment and Housing Act ("FEHA").

We review de novo the district court's grant of summary judgment. *Range Rd. Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148, 1152 (9th Cir. 2012). "Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in favor of that party, no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Id.* (citing *Nunez v. Duncan*, 591 F.3d 1217, 1222-23 (9th Cir. 2010)). We hold that the record before the district court on summary judgment presented several contested factual issues that, if resolved in the plaintiffs' favor, would allow both Roy and Davis to succeed on their retaliation

claims, and Davis to succeed on each of her other claims. We therefore reverse the district court's grant of summary judgment and remand.

1.     A *prima facie* case of gender discrimination is established by the plaintiff's showing that: "(1) [she] is a member of a protected class; (2) [she] was qualified for [her] position; (3) [she] experienced an adverse employment action; and (4) similarly situated individuals outside [her] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 847 (9th Cir. 2004) (internal quotation marks and citation omitted); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).[1]  The district court applied this standard and held that Davis did not establish a *prima facie* case because she did not show that she was treated differently from similarly situated male employees. To the contrary, Davis clearly alleges, among other things, that she was given more work than her male colleagues that were a part of the same "Ad-Seg" team supervised by Mandel, that she was singled out to be berated and criticized on a weekly basis alone in her office and in Ad-Seg staff meetings by Mandel, and that she had her professional

---

[1] This same framework established under *McDonnell Douglas* applies to both claims of gender-based employment discrimination, one brought under Title VII and one under 42 U.S.C. § 1983. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 n. 1 (1993).

judgment challenged by Mandel when the judgments of the male members of the team were not. Davis's factual allegations, if true, establish a *prima facie* case of employment discrimination on the basis of gender.[2] Thus, we reverse the district court's grant of summary judgment against Davis on her claims of employment discrimination.

2.      To establish a *prima facie* case of sexual harassment, a plaintiff must show: (1) that she "was subjected to verbal or physical harassment that was sexual in nature[;]" (2) that "the harassment was unwelcome[;]" and (3) that "the harassment was sufficiently severe or pervasive to alter the conditions of . . . employment and create an abusive work environment." *Dawson v. Entek Int'l*, 630

---

[2] The district court also granted summary judgment on Davis's claim that the promotion of a less-qualified male applicant was an act of employment discrimination on the basis of gender. Here, the district court found that Davis had established a *prima facie* case, but, under the burden shifting scheme required under *McDonnell Douglas*, Davis failed to show that defendants' reasons for selecting the applicant were merely pretextual. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002) (If the employer provides a reason for the adverse action,"the plaintiff must show that the articulated reason is pretextual either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." (internal quotation marks and citation omitted)). Davis's evidence of pretext with regard to this claim is discussed *infra*, pt. 3. Because we conclude that Davis has produced sufficient evidence from which a jury may conclude that CDCR's promotion of a less-qualified male applicant was pretextual, we reverse the district court's grant of summary judgment as to her promotion-based claim of employment discrimination as well.

F.3d 928, 937-38 (9th Cir. 2011).[3]  A hostile workplace may still exist as a result of conduct that is "not . . . motivated by sexual desire," *EEOC v. Nat'l Educ. Ass'n, Alaska*, 422 F.3d 840, 844 (9th Cir. 2005) (internal quotation marks and citation omitted), and a female plaintiff may successfully establish a *prima facie* claim of sexual harassment by showing "direct comparative evidence about how the alleged harasser treated members of both sexes," *id.* (quoting *Oncale v. Sundowner Offshore Servs. Inc.*, 523 U.S. 75, 80-81 (1998)) (internal quotation marks omitted), or how men and women differed in the way that they subjectively experienced that treatment, *id.* at 845-46.  The district court found that Davis had not established a *prima facie* case because she failed to show that the treatment she experienced differed from the treatment that the male employees received, or that it was sufficiently pervasive and severe as to establish a hostile work environment.

Davis alleges that she was exposed to exhibitionist masturbation by inmates for years at Pelican Bay, and when she complained to her supervisors, she not only received no assistance but was accused of provoking the behavior.  In one instance, Davis alleges that she was stalked in the hallways for months by an inmate, and received no response to her complaints by CDCR administration.  She was then instructed to interview this inmate personally, at which time he masturbated

---

[3] The analysis under FEHA is identical to that under Title VII, *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000); *Beyda v. City of Los Angeles*, 76 Cal. Rptr. 2d 547, 550 (1998), as is the analysis under § 1983.

throughout the course of the interview.  When she wrote up this incident, she was told that she was overreacting and that such behavior was to be expected in a male prison.  Davis also alleges that another inmate gained her personal information and sent her eight graphic letters in which he threatened to sodomize her to death.  Davis sought to be removed from the inmate's case, but Mandel required her to personally interview the inmate twice within months of her discharge.  An employer's acquiescence to inappropriate and ongoing sexual conduct by third parties may provide a basis for an employee's claim of sexual harassment.  *See Freitag v. Ayers*, 468 F.3d 528, 538-540 (9th Cir. 2006).  The district court erred in failing to recognize these actions by the CDCR as grounds for Davis's claim of sexual harassment.

Additionally, "[t]he district court erred in endorsing [the defendants'] argument that [Mandel's] conduct was not sexual harassment because he consistently abused men and women alike." *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1463 (9th Cir. 1994). "[E]vidence of differences in subjective effects (along with, of course, evidence of differences in objective quality and quantity) is relevant to determining whether or not men and women were treated differently, even where the conduct is not facially sex – or gender – specific." *Nat'l Educ. Ass'n., Alaska*, 422 F.3d at 845-46.  In this case, Davis alleges that she experienced hostile conduct from Mandel that differed in both the type and frequency from any

abusive conduct alleged to have been suffered by her male colleagues. Moreover, to the extent that her male co-workers were also targets of Mandel's offensive behavior, there is no evidence suggesting that they had similar subjective responses to that behavior.

Davis alleges that, for years after her arrival at Pelican Bay, she was subject to inappropriate sexual conduct by inmates without receiving assistance from her CDCR supervisors. She also alleges that she experienced weekly and ongoing abuse by Mandel. This is sufficient to establish that the harassment was pervasive and severe. Davis has therefore established a *prima facie* case of sexual harassment, and we reverse the district court's grant of summary judgment for the defendants.

3. Retaliation is shown where a plaintiff demonstrates "1) that she was engaging in a protected activity, 2) that she suffered an adverse employment decision, and 3) that there was a causal link between her activity and the employment decision." *Hashimoto v. Dalton*, 118 F.3d 671, 679 (9th Cir. 1997). Once the plaintiff establishes a *prima facie* case of retaliation, if the defendant provides a legitimate rationale for an adverse action, the burden shifts to the plaintiff to show that the proffered reason was pretextual. *Id.* at 680.

Davis and Roy allege that the CDCR's failure to hire either of them to fill the available supervisory position, and, ultimately, CDCR's termination of their

positions, were actions taken in retaliation for the filing of formal complaints regarding Mandel's behavior. The plaintiffs interviewed for a Supervisory Social Worker position the day after filing a complaint regarding Mandel's allegedly inappropriate behavior. When the decision was made within a few weeks, neither plaintiff was selected for the promotion. The plaintiffs were also fired within three months of filing the complaints – and a few days after Davis followed up on the complaint with the Employee Relations Manager. The district court found that the temporal proximity between the protected activity and the adverse actions established a *prima facie* case of retaliation, but credited the defendants' facially-legitimate reasons for the adverse actions and held that the plaintiffs had not shown that the purported reasons were pretextual.

Although the defendants allege that the selected applicant for the supervisor position was the most qualified, the plaintiffs allege that both Davis and Roy had greater experience, education, and computer skills than the selected applicant. Davis additionally stated that the defendants did not contact her references, despite listing the reference of the hired individual as a basis for his selection. The defendants also allege that, after the interview and prior to the formal selection of a candidate, David Archambault, Davis's superior and a member of the three-person panel responsible for selecting an applicant to fill the position, informed Davis that

Mandel was his friend and that she would not be working for Pelican Bay much longer.

The defendants allege that the plaintiffs were terminated as part of a process of eliminating contract positions as required by the federal receiver's mandate. The plaintiffs contend that the purpose of the mandate, which was to ensure that the CDCR provides its inmates with constitutionally-adequate medical care, was not served by their termination because they were eliminated at a time when the inmates' need for care was increased due to the holidays, there was already a shortage of mental health workers, and Pelican Bay was actively advertising for social workers prior to and following the plaintiffs' termination. Moreover, the defendants could not point to any portion of the mandate that indicates that the termination of contract positions is necessary to its fulfillment. The plaintiffs also present a number of circumstantial facts from which a reasonable jury could infer that the proffered reasons for the plaintiffs' terminations were pretextual. For instance, the plaintiffs allege that less than a month prior to the filing of Davis's discrimination complaint, supplemented by Roy's declaration, McCarthy explicitly informed them that they were not to break the "Code of Silence" by taking their complaints outside of the department. After the complaint was filed, Davis states that McCarthy angrily told her that she had made a mistake in doing so. As stated above, Archambault informed Davis shortly after filing her complaint that she

would not be working at Pelican Bay much longer. Lastly, the plaintiffs assert that at the time of their firing, another contract social worker with less seniority than the plaintiffs, and who was friends with Mandel and Archambault, was permitted to remain on staff.

The plaintiffs have therefore presented sufficient evidence from which a reasonable jury could conclude that the defendants' proffered reasons for the adverse employment actions were "internally inconsistent or otherwise not believable." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1170 (9th Cir. 2007) (internal citation omitted). We therefore reverse the district court's grant of summary judgment for the defendants on the plaintiffs' claims of retaliation.

4. We additionally reject the defendants' argument that certain incidents that Davis alleges as part of her claim of sexual harassment are barred by the 300-day and 365-day statute of limitations for Title VII and FEHA, respectively. Where the plaintiff alleges that "the workplace is permeated with 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,'" *Nat'l R.R. Passenger Co., v. Morgan*, 536 U.S. 101, 116 (2002) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)), these acts "collectively constitute one 'unlawful employment practice,'" *id.* at 117. As long as "an act contributing to the claim occurs within the filing period, the entire time

period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.* Davis alleged that she experienced harassing conduct by Mandel within the statutory period. This conduct related to the earlier harassment by Mandel and others at CDCR and contributed to the creation of an abusive working environment throughout Davis's period of employment. The conduct that fell outside of the statutory period may therefore be considered when evaluating the liability of the defendants.

Accordingly, we reverse the district court's grant of summary judgment on each of the claims by Davis and on the retaliation claims by Davis and Roy.

REVERSED and REMANDED.